RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 OCT 13 A 3:52

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John David Leatherwood, #271224, | ) ) ) | C. A. No. 2:10-1593-RBH-RSC |
| Plaintiff, | ) ) | |
| -versus- | ) ) | **REPORT AND RECOMMENDATION** |
| Warden Cohen; Associate Warden Burton; Lt. Housey; B-Z Shift Capt. Dennis Salwierz; Lt. Pinkney; Mr. Hodges, Mental Health, CCC; Christy Jinks, Mental Health; Captain G. Best; Felicia Davis, Correctional Officer, all in official capacity and individual capacities, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This motion for a preliminary injunction (Docket # 21) is before the undersigned United States Magistrate for a report with recommendations as provided for in Title 28, United States Code, Section 636(b), and the local rules of this court.

On September 16, 2010, John D. Leatherwood, the plaintiff herein, moved for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure to require the defendants, authorities with the South Carolina Department of Corrections, to allow him to have sent in a personal wheelchair for his use rather than relying on institutional medical services and a limited number of institutional wheelchairs.

The defendants have responded (Docket # 29) asserting that the plaintiff has been given the proper forms for obtaining his own wheelchair and that on September 20th, four days after the instant motion was filed, the plaintiff was transferred to McCormick Correctional Institution which has a 24/7 assisted living facility with an infirmary setting. The plaintiff has not disputed this representation by the defendants.

First, since the named defendants herein are employed at Ridgeland Correctional Institution (RCI), and since the plaintiff is no longer at RCI, the defendants cannot provide the remedy sought by this motion. Therefore, the matter appears to be moot.

Nevertheless, it appears the motion also falls on the merits.

The requirements for granting preliminary relief are well known. In <u>Direx Isreal, Ltd. v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 811 (4th Cir. 1991), the Fourth Circuit Court of Appeals outlined the precise analytical framework which courts must employ in determining whether to grant preliminary relief. First, the party requesting preliminary relief must make a "clear showing" that he will suffer irreparable harm if the court denies his request. <u>Id.</u> at 812-13. Second, if the party establishes irreparable harm, "the next step then for the court to take is to balance the likelihood of irreparable harm to the plaintiff from the failure to grant interim relief against the likelihood of

harm to the defendant from the grant of such relief." <u>Direx</u>
<u>Israel</u>, 952 F.2d at 812. Third, if the balance tips decidedly in
favor of the party requesting preliminary relief, "a preliminary
injunction will be granted if the plaintiff has raised questions
going to the merits so serious, substantial, difficult, and
doubtful, as to make them fair ground for litigation and thus
more deliberate investigation." <u>Id.</u> at 813. However, "if the
balance does not tip decidedly there must be a strong probability
of success on the merits." <u>Id.</u> Fourth, the court must evaluate
whether the public interest favors granting preliminary relief.
We review the award of preliminary relief for an abuse of
discretion. <u>Id.</u> at 811. <u>Multi-Channel TV Cable Company v.</u>
<u>Charlottesville Quality Cable Operating Company</u>, 22 F.3d 546, 551
(4th Cir. 1994).

Here the plaintiff has failed to present anything to the
court which supports the granting of a preliminary injunction.
He presents only conjecture that he might suffer harm as the
result of the limited use of a wheelchair; he has no evidence of
harm or even likely harm.

Nevertheless, even if his conjecture was credited, there is
nothing here which indicates the plaintiff will suffer
irreparable harm absent an extraordinary order from this court.
Irreparable harm is defined as "an injury for which a monetary
award cannot be adequate compensation." <u>Jackson Dairy Inc. v. H.</u>

P. Hood & Sons, Inc., 596 F. 2d 70 (1979). "The key word in this consideration is 'irreparable'." Mere injuries, however, substantial, terms of money, time and energy necessarily expended in the absence of an injunction, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61 (1974) (quoting Virginia Petroleum Jobbers Assoc. v. Federal Power Comm'n., 259 F. 2d 921, 925 (D.C. Cir. 1958)).

Preliminary injunctions are remedies that are only granted sparingly and in limited circumstances. MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 341 (4th Cir. 2001). The award of preliminary relief is entrusted to the sound discretion of the district court. Id. at 811. Multi-Channel Tv Cable Company v. Charlottesville Quality Cable Operation Company, 22 F. 3d 546, 551 (4th Cir. 1991).

The plaintiff's allegations as well as the evidence submitted to the court fail to show that he will suffer irreparable injury if interim relief is denied, and the evidence is insufficient to "clearly show" he will suffer irreparable injuries as required by Rule 65. The plaintiff has failed to articulate a claim of irreparable injuries.

Accordingly, it is recommended that this motion be denied as moot and as without merit.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

October 13, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).