IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John D. Leatherwood,                                )<br>                                                              )<br>     Plaintiff,                                             )<br>                                                              )<br>v.                                                           )<br>                                                              )<br>Warden Cohen, Associate Warden Burton; )<br>Lt. Housey; Dennis Salwierz, B-Z Shift       )<br>Capt.; Lt. Pinckney; Mr. Hodge, Mental    )<br>Health, CCC; Christy Jinks, Mental           )<br>Health; Captain G. Best; Felicia Davis,      )<br>Correctional Officer, all in official            )<br>capacity and individual capacities,            )<br>                                                              )<br>     Defendants.                                       )<br>_____) | Civil Action No.: 8:10-cv-01593-RBH<br><br><br><br>**ORDER** |

In this case, the Plaintiff generally complains that the Defendants failed to protect him from allegedly known threats of physical harm from other inmates, including his cell mate Brandy Charles ("Charles"), in violation of his Eighth and Fourteenth Amendment rights, exhibited deliberate indifference, subjected Plaintiff to unsafe conditions, committed violations of the Americans with Disability Act (ADA), discriminated against Plaintiff, and subjected Plaintiff to cruel and unusual punishment. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Jacquelyn D. Austin.[1] In the R&R, the Magistrate Judge recommends that the Court grant summary judgment in favor of the Defendants. For the following reasons, the Court adopts the R&R as modified and grants the Defendants' Motion for Summary Judgment [Docket #30].

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Austin for pretrial handling.

**Procedural History and Factual Background**

This case was initiated on June 22, 2010, when the Plaintiff filed a Complaint appearing to assert claims under 42 U.S.C. § 1983 for failure to protect and deliberate indifference, discrimination, cruel and unusual punishment, violation of his due process rights, and violation of his rights under the ADA. On October 8, 2010, the Defendants filed a Motion for Summary Judgment [Docket # 30]. Subsequently, the Plaintiff filed a response in opposition. On April 29, 2011, the Magistrate Judge issued the R&R recommending that the Court grant the Defendants' Motion for Summary Judgment. The Plaintiff has filed objections, and the Defendants have filed a reply. The facts and allegations in this case are clearly summarized in the Magistrate Judge's R&R and need not be restated here.[2]

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations.

---

[2] The Court hereby incorporates by reference pages two through seven of the R&R. [Docket #81, pp.2-7].

*Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

In the R&R, the Magistrate Judge found that the Plaintiff's allegations of deliberate indifference and failure to protect do not rise to the level of a constitutional violation. R&R, p.15. Specifically, the Magistrate Judge concludes that the "Plaintiff's Complaint does not allege any facts to demonstrate that any Defendants were deliberately indifferent, or that, prior to the first altercation, Defendants drew or could have actually drawn the inference that there was a substantial or excessive risk that Charles could seriously harm Plaintiff." *Id.* at 16. The Plaintiff objects to the Magistrate Judge's conclusions on the issue of deliberate indifference and his failure to protect claim. In his objections, the Plaintiff argues that the Defendants knew or should have known "the danger Plaintiff was in from [inmate] Charles [related to his] past history of attacking room-mates and him being a mental health patient designated a 'cutter.'" Objections, p.2. He also claims that, after this incident, the Defendants put him in a cell with "gang-bangers," who allegedly stabbed him. *Id.* at 3. Finally, the Plaintiff states that he

> filed numerous grievances on these serious policy violations and the danger Plaintiff was in and defendants did nothing. Failure to protect and deliberate indifference was a proven fact in this case when even after the altercation Defendant kept putting Plaintiff and [inmate] Charles in close proximity to each other on 2-3 times.[3]

---

[3] The Court notes that the Plaintiff states that he was attacked and bitten by Charles on May 17, 2010. Despite the fact that the Plaintiff bases his claim of deliberate indifference, in part, on alleged threats made by Charles after that attack and also on the fact that after that attack Charles was "for the 3rd time placed in the same dorm and wing as Plaintiff when [the Defendants] knew of hostilities between [the two of them]," the Plaintiff does not allege that any altercation occurred between Charles and the Plaintiff after that initial alleged attack.

3

*Id.* at 4.

With regard to deliberate indifference, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).  The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregarded that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  Further, an inmate must suffer a serious physical or emotional injury to establish such a claim. *See id.* at 834 ("It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."); *see also Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993) ("In order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."); *Shrader v. White,* 761 F.2d 975, 979 (4th Cir. 1985) (holding inmate must at least suffer "significant mental distress" and danger must be "totally without penological justification"). Finally, "[d]eliberate indifference is a very high standard- a showing of mere negligence will not meet it." *Young v. City of Mount Ranier,* 238 F.3d 567, 575 (4th Cir. 2001) (citation omitted).

According to the Plaintiff, he informed Defendant Pinckney on April 27, 2010, that he wanted a cell change because of problems with his cell mate, inmate Charles.  The record reflects that Defendant Pinckney recalls the conversation and spoke to Charles to resolve the situation. Defendant Pinckney further advised the Plaintiff to follow the South Carolina Department of Corrections ("SCDC") Inmate Grievance Procedure should he desire any follow-up.  However,

the Plaintiff did not take or request any further action at that time.[4]  Over the course of the next two weeks, the Plaintiff alleges that he informed other Defendants that his welfare was in danger because of inmate Charles and that he needed to be moved.  The altercation between the Plaintiff and Charles occurred shortly thereafter on May 17, 2010.  However, the Plaintiff's bare allegations are insufficient to show that the Defendants knew that the Plaintiff faced a substantial risk of harm by being in the same cell with Charles and disregarded that risk.  While the Plaintiff did end up in a fight with Charles, the facts alleged did not put the Defendants on notice of a "substantial risk of serious harm."  Moreover, as a result of this altercation, the Plaintiff pleaded

---

[4] The Defendants also moved for summary judgment on the ground that the Plaintiff failed to exhaust his administrative remedies.  Specifically, the Defendants argue that the Plaintiff failed to exhaust his administrative remedies because he failed to go beyond Step 1 to file a Step 2 grievance or to appeal.  In the R&R, the Magistrate Judge referenced the SCDC Inmate Grievance Procedure.  The Magistrate Judge also found that "[t]he evidence is clear that Plaintiff was well-informed of the grievance procedures regarding the filing of grievances." R&R, p.13. However, the Magistrate Judge denied the Defendants' motion for summary judgment on this ground, stating "there is no evidence in the record that the grievance process mandates that the inmate complete each step of the procedure for exhaustion to occur." *Id.* The Court refrains from adopting this portion of the Magistrate Judge's R&R.  Under the Prison Litigation Reform Act ("PLRA"), a prisoner is required to exhaust the available administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). In *Woodford v. Ngo*, the United States Supreme Court held that the PLRA exhaustion requirement requires "proper exhaustion." 548 U.S. 81, 90 (2006).  The Court stated that "[a]dministrative law . . . requir[es] proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so *properly*." *Id.* (Internal quotations and citations omitted).  Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. *Id.* at 90-91.  Accordingly, before the Plaintiff, or any prisoner, may proceed with his claims in a federal court, he must first properly exhaust all administrative remedies available through the SCDC grievance policy/process. This Court takes judicial notice of the SCDC Inmate Grievance Procedure and notes that it requires inmates to pursue all grievances fully through Step 2. In this case, however, there was some evidence that the Plaintiff filed a Step 1 grievance and was subsequently advised that his separation/transfer request was not grievable.  Regardless, the Defendants have not filed objections to the R&R regarding their failure to exhaust argument.

5

guilty and accepted administrative sanctions, and the Plaintiff does not allege any continued injury or physical impairment as a result of the altercation with Charles. To the extent that the Defendants were negligent in placing the two inmates together, these actions do not constitute a violation of the Eighth Amendment. *Young,* 238 F.3d at 575; *see Whitley v. Albers,* 475 U.S. 312, 319 (1986). Moreover, there is no evidence in the record that the Plaintiff suffered any serious physical or emotional injuries. *See Shrader,* 761 F.2d at 979; *Strickler,* 989 F.2d at 1381. As such, no genuine issue of material fact exists either as to whether the Plaintiff sustained a serious injury or whether the Defendants were deliberately indifferent to a substantial risk of serious harm the Plaintiff faced at the hands of Charles, and summary judgment must be granted in favor of the Defendants on this claim.

To succeed on his claim of failure to protect with regard to the alleged attack by the "gang-bangers," "[the Plaintiff] must show that [the Defendants] had knowledge of a substantial or pervasive risk of serious harm and acted with deliberate indifference to [the Plaintiff's] safety by failing to correct the situation." *Skeen v. Orr,* 1996 WL 460761, at *2 (4th Cir. Aug. 15, 1996) (citing *Farmer*). The Plaintiff has failed to allege facts capable of demonstrating that any Defendants drew or could have drawn the inference that there was a substantial or excessive risk that an unnamed inmate would stab the Plaintiff while in the Beaufort Unit. Moreover, the Plaintiff has failed to submit evidence that his alleged assailants were known to be dangerous or of a particular threat to his own safety; instead, he merely characterizes the prison as a dangerous place prone to random attacks. If the Defendants were strictly liable for the inherent and generalized danger every inmate reasonably poses to others, prison officials would be without any defense. To the extent the Plaintiff argues that the Defendants were negligent and responsible for his injuries because they put him in his cell with "gang-bangers," "[d]eliberate indifference

6

is a very high standard- a showing of mere negligence will not meet it." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir.2001) (citation omitted); *see Whitley v. Albers*, 475 U.S. 312, 319 (1986). Thus, the Plaintiff's objections are overruled.

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendation of the Magistrate Judge and finds that summary judgment in favor of the Defendants is appropriate.

### Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated as modified herein. Accordingly, the Defendants' Motion for Summary Judgment [Docket #30] is **GRANTED**.

**IT IS SO ORDERED.**

                                        s/ R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

Florence, South Carolina
September 23, 2011